UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NICOLE LAURA ALEXIS LAWTONE-BOWLES<br><br>*Debtor-Appellant.* | No. 26-CV-2699 (KMK)<br><br><u>ORDER</u> |

KENNETH M. KARAS, United States District Judge:

Petitioner Nicole Laura Alexis Lawtone-Bowles ("Petitioner"), proceeding pro se, filed a Notice of Appeal from the U.S. Bankruptcy Court's judgment in Bankruptcy Case 25-B35655 on February 19, 2026. (*See* Notice of Appeal (Dkt. No. 1).) On April 1, 2026, the Action was forwarded to this Court for possible dismissal. (*Id.*) On April 2, 2026, this Court dismissed this Action for failure to file the Designation of Items to be Included in the Record as required by Federal Rule of Bankruptcy Procedure 8009. (*See* Order (Dkt. No. 3).)

On April 3, 2026, Petitioner filed a Motion to reopen the case and requested leave to file the Designation of Record and Statement of Issues pursuant to Federal Rule of Bankruptcy Procedure 8009. (*See* Mot. to Reopen (Dkt. No. 4).) The Court granted this Motion and ordered Petitioner to file her Designation of Record and Statement of Issues by no later than May 6, 2026. (*See* Order (Dkt. No. 6).)

On April 17, 2026, Petitioner filed a Statement of Issues and Emergency Motion for Stay Pending Appeal. (*See* Mot. for Stay (Dkt. No. 8).) The Court ordered Appellees to respond by April 24, 2026. (*See* Order (Dkt. No. 9).) Appellees have not done so, and thus the Court deems the motion fully submitted. *See Musaid v. Manka*, No. 13-CV-7880, 2016 WL 540806, at *1

(S.D.N.Y. Feb. 9, 2016) (deeming a motion fully briefed where opposing party failed to respond.)

"In considering whether to grant a stay pending appeal, the Court must . . . consider 'whether the stay applicant has made a strong showing that [she] is likely to succeed on the merits.'" *In re Mott*, No. 25-1011, 2025 WL 2348890, at *4 (Bankr. S.D.N.Y. Aug. 13, 2025) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Petitioner's Motion includes an argument as to why she is entitled to an emergency stay, but she does not include sufficient detail for the Court to determine her likelihood of success on the merits, which is necessary when considering preliminary injunctive relief. Moreover, Petitioner has still failed to designate the items to be included in the record on appeal. (*See generally* Mot. to Stay.) In order to proceed with her appeal, Petitioner was required to "file. . . a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(a). "An appellant's failure to take any step other than timely filing a notice of appeal . . . is ground . . . for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

Because Petitioner has failed to specify why she is likely to succeed on the merits and has failed to designate the items to be included in the record on appeal, her Motion is dismissed without prejudice. Should Petitioner wish to renew her Motion for Stay or continue with her appeal, Petitioner shall file her Designation of Record and Statement of Issues and any Motion to Stay by no later than December 7, 2026. Failure to do so could result in dismissal of this Action with prejudice.

The Clerk of Court is respectfully directed to terminate the pending Motion at Dkt. No. 8.

SO ORDERED.

Dated: November 5, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge