**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICOLE LAURA ALEXIS LAWTONE-BOWLES,<br><br>Appellant,<br><br>THOMAS C. FROST, CHAPTER 13 TRUSTEE, and U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION,<br><br>Appellees. | Case No. 26-CV-2699 (KMK)<br>(Bankruptcy Case No. 25-35655 (KYP)) |

## RENEWED EMERGENCY MOTION FOR STAY PENDING BANKRUPTCY APPEAL

Appellant Nicole Laura Alexis Lawtone-Bowles, proceeding pro se, respectfully moves for a stay pending appeal under Federal Rule of Bankruptcy Procedure 8007 and states as follows:

## I. RELIEF REQUESTED

1. Appellant requests an order staying the effect and enforcement of the Bankruptcy Court's February 17, 2026 Memorandum Decision and Order dismissing her Chapter 13 case (ECF Doc. # 105) while this appeal remains pending.
2. Appellant further requests appropriate relief preserving the status quo concerning her residence at 56 Center Street, Highland Falls, New York 10928, including an order preventing U.S. Bank National Association, as Trustee, and its servicer Select Portfolio Servicing, Inc., from conducting or completing a foreclosure sale during this appeal.
3. The requested stay is necessary because U.S. Bank obtained a Judgment of Foreclosure and Sale dated January 6, 2025, in the Supreme Court of the State of New York, County of Orange (Index No. EF003745-2018), and the foreclosure sale has not yet been conducted. As stated by plaintiff's counsel in state court, "there is no immediate basis for a stay, as a foreclosure sale has not yet been scheduled." (NYSCEF Doc. No. 427.) This means the judgment has not been enforced, and FAPA applies.

## PROCEDURAL BACKGROUND

4. Appellant commenced Chapter 13 Bankruptcy Case No. 25-35655 (KYP) on June 17, 2025, to save her home from what she contends is assignment-of-mortgage fraud.

5. On November 12, 2025, the Bankruptcy Court entered a Memorandum Decision and Order Overruling Debtor's Objection to U.S. Bank's Proof of Claim (ECF Doc. # 59) (the "Claim Objection Decision"), ruling that the objection was barred by the Rooker-Feldman doctrine.

6. On February 17, 2026, the Bankruptcy Court entered a Memorandum Decision and Order Dismissing the Chapter 13 Bankruptcy Case (ECF Doc. # 105) (the "Dismissal Decision"), granting the Trustee's motion to dismiss under 11 U.S.C. §§ 1307(c)(1) and (5).

7. On February 19, 2026, Appellant filed a Notice of Appeal (ECF Doc. # 107) to this Court.

8. On May 20, 2026, the Bankruptcy Court entered a Memorandum Decision and Order Denying Debtor's Motion for Stay Pending Appeal (ECF Doc. # 119) (the "Stay Denial Decision").

9. On November 5, 2026, this Court denied Appellant's Motion for Stay without prejudice because the motion "does not include sufficient detail for the Court to determine her likelihood of success on the merits" and because Appellant had not filed a designation of the appellate record. (Dkt. No. 10 at 2.)

10. Appellant has now filed her Designation of Items to Be Included in the Record on Appeal, Amended Statement of Issues, and Certification Regarding Transcript with the Bankruptcy Court, and submits this Renewed Emergency Motion with detailed argument concerning her likelihood of success on the merits.

## LIKELIHOOD OF SUCCESS ON THE MERITS

The most critical factors in the stay analysis are whether the applicant has made a strong showing that she is likely to succeed on the merits and whether she will be irreparably injured absent a stay. *Nken v. Holder*, 556 U.S. 418, 434 (2009); see also *In re Mott*, No. 25-1011, 2025 WL 2348890, at *4 (Bankr. S.D.N.Y. Aug. 13, 2025) (quoting* Nken, *556 U.S. at 434). A stay pending appeal under Rule 8007 is "the exception, not the rule," and the party seeking a stay "carries a heavy burden."* Carrington v. Harrington (In re Carrington), *698 F. Supp. 3d 659, 661 (S.D.N.Y. 2023) (citations omitted). The Bankruptcy Court cited this standard in denying Appellant's prior stay request. (ECF Doc. # 119 at 2.) Where "likelihood of success [is] totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay."* Uniformed Fire Officers Ass'n v. de Blasio, *973 F.3d 41, 49 (2d Cir. 2020). However, "likely success on the merits can be established if there are 'serious questions going to the merits of the dispute and the applicant is able to establish that the balance of hardships tips decidedly in its favor.'"* Owens v. Taliban, *No. 22-CV-1949, 2023 WL 2214887,*

*at* 5 (S.D.N.Y. Mar. 6, 2023). Appellant addresses each of her principal arguments below, with specific citations to the record and controlling legal authority.

### A. The Bankruptcy Court Erred in Applying Rooker-Feldman to Bar the Claim Objection, Because Article 13 LLC (Decided November 25, 2025) Constitutes an Intervening Change in Law That the Bankruptcy Court Could Not Have Considered

12. **Facts.** On November 12, 2025, the Bankruptcy Court overruled Appellant's objection to U.S. Bank's proof of claim, holding that the objection was "barred by the Rooker-Feldman doctrine, which precludes federal courts from exercising subject matter jurisdiction over challenges to state court judgments." (ECF Doc. # 119 at 3 (describing ECF Doc. # 59 at 10-11).) The Bankruptcy Court observed that "the merits had already been fully resolved by multiple orders and judgments of New York state courts." (Id. at 3.)

13. Thirteen days later, on November 25, 2025, the New York Court of Appeals decided *Article 13 LLC v. Ponce De Leon Fed. Bank*, 45 N.Y.3d 441 (2025), which held that FAPA "shall take effect immediately and shall apply to all [foreclosure] actions in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10) and that this retroactive application does not violate due process. *Article 13 LLC*, 45 N.Y.3d at 441.

14. **Issue.** Whether the Bankruptcy Court's application of the Rooker-Feldman doctrine to bar Appellant's claim objection was erroneous in light of the intervening change in New York law established by *Article 13 LLC*.

15. **Rule.** The Rooker-Feldman doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine "does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Id.*

16. A claim objection under 11 U.S.C. § 502(b)(1) seeks disallowance of a claim "to the extent that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." This is an independent federal bankruptcy proceeding, not an invitation for the federal court to "review and reject" a state court judgment.

17. The Seventh Circuit has held that a bankruptcy court's consideration of a claim objection does not violate Rooker-Feldman because "the bankruptcy court had subject matter

jurisdiction to consider the claim objection—the Rooker-Feldman doctrine posed no obstacle" where the debtor "petitioned for bankruptcy court protection under Chapter 13" rather than seeking to "set aside a state court judgment." *Generation Capital I, LLC v. Fliss*, No. 22-1424, slip op. at 3 (7th Cir. Dec. 3, 2023). The court reasoned that "the state court never decided (nor could it) the key issue facing the bankruptcy court . . . whether [the creditor's] bankruptcy claim should be allowed or disallowed under federal bankruptcy law." *Id.* at 4.

18. Additionally, the Rooker-Feldman doctrine cannot bar claims that arise after a state court decision. *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018) ("[A] claim about conduct occurring after a state court decision cannot be either the same claim or one 'inextricably intertwined' with that state court decision, and thus cannot be barred under Rooker-Feldman.").

19. **Application.** Appellant's claim objection under § 502(b)(1) does not seek to overturn the state court foreclosure judgment. Rather, it seeks a determination that U.S. Bank's claim is unenforceable under New York law as clarified by FAPA and *Article 13 LLC*—a statute that the state court never had the opportunity to consider in its current, clarified form. The state court trial occurred in August 2023 (ECF Doc. # 119 at 5), the foreclosure judgment was entered January 6, 2025 (NYSCEF Doc. No. 428 at 1), and FAPA's retroactive application to pending foreclosure actions was not definitively settled by the New York Court of Appeals until November 25, 2025—nearly two years after the state court trial.

20. The Bankruptcy Court ruled on the claim objection on November 12, 2025, thirteen days before *Article 13 LLC* was decided. The Bankruptcy Court therefore did not have the opportunity to consider this intervening change in controlling New York law. This timing is critical: the FAPA defense, as definitively clarified by the New York Court of Appeals, did not exist when the state court rendered its judgment, and the Bankruptcy Court did not have the benefit of the Court of Appeals' authoritative interpretation.

21. **Conclusion.** Appellant has a strong likelihood of success on this issue because the Bankruptcy Court applied Rooker-Feldman without the benefit of *Article 13 LLC*, which constitutes an intervening change in law. The claim objection under § 502(b)(1) is an independent federal bankruptcy proceeding—not an impermissible appeal of a state court judgment—and the FAPA defense was not available in its clarified form when the state court proceedings concluded.

## B. Under FAPA as Clarified by Article 13 LLC, U.S. Bank's Claim May Be Unenforceable as Time-Barred

22. **Facts.** The Bankruptcy Court's Stay Denial Decision states that "in June 2001, a predecessor to U.S. Bank loaned the Debtor $70,600.00 secured by real property located

at 56 Center Street, Highland Falls, New York" and "[t]he following month, the mortgage was assigned to U.S. Bank." (ECF Doc. # 119 at 5.) The record also contains Appellant's submission stating "proof that the case was dismissed when LaSalle Bank attempted to take my home; and that a fraudulent assignment of mortgage was later created in the name of U.S. Bank in an effort to seize my property after the dismissal." (ECF Doc. # 31.)

23. U.S. Bank commenced its foreclosure action in May 2019. (ECF Doc. # 119 at 5.) U.S. Bank has not received a mortgage payment since 2009. (ECF Doc. # 119 at 7.)

24. The Judgment of Foreclosure and Sale was entered January 6, 2025. (NYSCEF Doc. No. 428 at 1.) The foreclosure sale has not been conducted. (NYSCEF Doc. No. 427 (plaintiff's counsel stating "a foreclosure sale has not yet been scheduled").)

25. **Issue.** Whether U.S. Bank's proof of claim in the amount of $206,615.98 should be disallowed under 11 U.S.C. § 502(b)(1) as unenforceable under New York's Foreclosure Abuse Prevention Act (FAPA), N.Y. C.P.L.R. § 213(4)(b), as clarified by *Article 13 LLC v. Ponce De Leon Fed. Bank*, 45 N.Y.3d 441 (2025).

26. **Rule.** Under 11 U.S.C. § 502(b)(1), a claim must be disallowed "to the extent that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." If a claim is time-barred under applicable state law, it is unenforceable and must be disallowed under § 502(b)(1).

27. Under FAPA Section 7, codified at N.Y. C.P.L.R. § 213(4)(b):

> [A] defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated.

28. FAPA Section 10 provides that the act "shall take effect immediately and shall apply to all actions commenced on [a residential mortgage loan agreement] in which a final judgment of foreclosure and sale has not been enforced." L 2022, ch 821, § 10.

29. The New York Court of Appeals in *Article 13 LLC* held that "for all foreclosure actions as to which a final foreclosure sale had not been enforced prior to its effective date, including actions pending at the time of its effective date, FAPA unequivocally applies." *Article 13 LLC*, 45 N.Y.3d at 441. The Court further held: "Thus, even if a prior foreclosure action was commenced by another party not in possession of the underlying note, and that action was discontinued without an express determination by the court that the instrument was not validly accelerated, the six-year statute of limitations accrued on

the date that action was commenced and continued to run from that date, tollable only as provided for under FAPA." *Id.*

30. Multiple New York Appellate Division decisions have confirmed FAPA's retroactive application. See *U.S. Bank N.A. v. Lynch*, 2024 NY Slip Op 05261 (2d Dep't Oct. 24, 2024); *Van Dyke v. U.S. Bank, N.A.*, 2025 NY Slip Op 00933 (2d Dep't Feb. 18, 2025); *Wilmington Trust, N.A. v. Farkas*, 2024 NY Slip Op 05841 (2d Dep't Nov. 21, 2024); *Bayview Loan Servicing, LLC v. Dalal*, 2024 NY Slip Op 05767 (1st Dep't Nov. 19, 2024).

31. **Application.** The record reflects that a prior foreclosure action was commenced by LaSalle Bank (ECF Doc. # 31), which accelerated the mortgage debt. If LaSalle Bank's prior action was discontinued without an express judicial determination that the instrument was not validly accelerated, then under FAPA as clarified by *Article 13 LLC*, the six-year statute of limitations accrued on the date that prior action was commenced. If more than six years elapsed between that date and U.S. Bank's May 2019 foreclosure action, U.S. Bank's claim may be time-barred under New York law.

32. The foreclosure sale has not been conducted (NYSCEF Doc. No. 427), meaning the judgment has not been enforced, and FAPA Section 10 applies. *Article 13 LLC*, 45 N.Y.3d at 441 ("for all foreclosure actions as to which a final foreclosure sale had not been enforced prior to its effective date, including actions pending at the time of its effective date, FAPA unequivocally applies").

33. [Inference: If LaSalle Bank's prior action accelerated the debt and was discontinued without an express judicial determination of invalid acceleration, and if U.S. Bank's May 2019 foreclosure was commenced more than six years after LaSalle Bank's prior action, then U.S. Bank's claim is time-barred under FAPA. This inference is based on: (a) ECF Doc. # 31 (prior LaSalle Bank action was "dismissed"); (b) ECF Doc. # 119 at 5 (U.S. Bank commenced foreclosure in May 2019); and (c) *Article 13 LLC*, 45 N.Y.3d at 441 (FAPA applies where prior action discontinued without express judicial determination of invalid acceleration).]

34. **Critical Missing Information.** The record does not specify: (a) the date LaSalle Bank's prior foreclosure action was commenced; (b) the specific basis for the dismissal of LaSalle Bank's action—i.e., whether it was a voluntary discontinuance, a dismissal for lack of standing, or a dismissal based on an express judicial determination that the instrument was not validly accelerated; or (c) whether more than six years elapsed between LaSalle Bank's prior action and U.S. Bank's May 2019 foreclosure. The nature of the dismissal is critical because *Article 13 LLC* holds that FAPA's estoppel applies unless "the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated."

N.Y. C.P.L.R. § 213(4)(b). Appellant respectfully requests the opportunity to supplement the record with this information.

35. **Potential Adverse Authority.** Appellant acknowledges that if LaSalle Bank's prior action was dismissed for lack of standing, such a dismissal may constitute an "expressed judicial determination" that the instrument was not validly accelerated, which would mean FAPA's estoppel does not apply and the statute of limitations did not start running. See *7208 Ct Holdings LLC v. U.S. Bank N.A.*, 2026 NY Slip Op 51031 (Sup. Ct. Kings Co. 2026) (recognizing that a dismissal for lack of standing prevents the statute of limitations from running). However, the record does not establish that LaSalle Bank's action was dismissed for lack of standing. ECF Doc. # 31 states only that "the case was dismissed when LaSalle Bank attempted to take my home," without specifying the basis.

36. **Conclusion.** If U.S. Bank's claim is disallowed under § 502(b)(1) as unenforceable under FAPA, the feasibility analysis changes dramatically. The Bankruptcy Court determined that priority and secured claims totaled $216,479.74 and that Appellant's proposed plan would pay only $6,000. (ECF Doc. # 119 at 4.) If U.S. Bank's claim of $206,615.98 is disallowed, the remaining secured claim (HVCU, $96,753.97) may be fundable through an amended Chapter 13 plan, particularly given Appellant's $58,020 annual salary. Appellant therefore has a substantial likelihood of success on this issue.

## C. The Bankruptcy Court Erred in Dismissing the Case Without Affording Appellant a Reasonable Opportunity to File an Amended Plan

**Facts.** The Bankruptcy Court dismissed the case under 11 U.S.C. §§ 1307(c)(1) and (5) because "permitting the Debtor to remain in Chapter 13 bankruptcy with no prospect of reorganization constitutes a prejudicial delay to creditors." (ECF Doc. # 119 at 4.) The Court calculated that, even with Appellant's new annual salary of $58,020 (re-hired by the City of New York as a clerical associate in November 2025), she could not fund a plan to satisfy priority and secured claims totaling $216,479.74. (Id. at 4-5.)

[Contradiction: The Bankruptcy Court identified two secured creditors: U.S. Bank ($206,615.98) and HVCU ($96,753.97), totaling $303,369.95. (ECF Doc. # 119 at 5.) However, the Court stated that "priority and secured creditors" totaled $216,479.74—a discrepancy of $86,890.21 that is not explained in the record. The full text of the Dismissal Decision (ECF Doc. # 105) is not in the record and may explain this discrepancy, but based on the available record, the inconsistency is unexplained.]

38. The Bankruptcy Court stated that it "drew every inference in favor of the Debtor including by not subtracting any taxes or health insurance premiums from her salary (even though these amounts would almost certainly be deducted from her paycheck)." (ECF Doc. # 119 at 5 n.4.)

39. **Issue.** Whether the Bankruptcy Court erred in dismissing the case without affording Appellant a reasonable opportunity to file an amended Chapter 13 plan, particularly where the feasibility determination depended on the allowed amount of U.S. Bank's claim, which may be disallowed under FAPA.

40. **Rule.** Under 11 U.S.C. § 1307(c), the court may dismiss a Chapter 13 case "for cause," including "(1) unreasonable delay by the debtor that is prejudicial to creditors" and "(5) denial of confirmation of a plan under section 1325 . . . and denial of a request made for additional time for filing another plan or a modification of a plan." Under 11 U.S.C. § 1322(a)(2), a Chapter 13 plan "shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507." Under 11 U.S.C. § 1325(a)(5), a plan may be confirmed with respect to secured claims if the creditor retains its lien and receives the present value of its claim.

41. A bankruptcy court's dismissal for cause under § 1307(c) is reviewed for abuse of discretion. Where the court rests its dismissal on a misapplication of the law or fails to consider changed circumstances that materially affect feasibility, the dismissal may constitute an abuse of discretion. See *Worth v. Frost (In re Worth)*, 2024 WL 776084, at *4 (S.D.N.Y. Feb. 26, 2024) (vacating Chapter 13 dismissal where the bankruptcy court "rested on an error of law, and therefore abused its discretion, in dismissing the case for cause").

42. **Application.** The Bankruptcy Court's feasibility calculation depended on the total of priority and secured claims ($216,479.74), which included U.S. Bank's claim of $206,615.98. If U.S. Bank's claim is disallowed under § 502(b)(1) as unenforceable under FAPA, the total drops to approximately $96,753.97 (HVCU claim only). With an annual salary of $58,020, Appellant may be able to propose a confirmable amended plan addressing the remaining claims.

43. [Inference: The Bankruptcy Court's conclusion that amendment would be futile was based on a feasibility calculation that included U.S. Bank's potentially unenforceable claim. If that claim is disallowed, the calculation supporting futility no longer holds. This inference is based on: (a) ECF Doc. # 119 at 4-5 (total claims $216,479.74, including U.S. Bank's $206,615.98 claim); and (b) the potential disallowance of U.S. Bank's claim under FAPA as discussed above.]

44. **Conclusion.** The Bankruptcy Court's dismissal was premature because it did not account for the possibility that U.S. Bank's claim may be disallowed under FAPA. If the claim is disallowed, the feasibility determination changes, and Appellant should be afforded the opportunity to file an amended plan.

**D. Appellant Has a Pending State Court Motion Based on the Same FAPA/Article 13 LLC Theory**

45. **Facts.** Appellant has filed a motion in the Supreme Court of the State of New York, County of Orange, under Motion Sequence No. 12 (Index No. EF003745-2018), seeking to vacate the Judgment of Foreclosure and Sale dated January 6, 2025, based on FAPA and *Article 13 LLC*. (NYSCEF Doc. No. 428.) Appellant also has a pending stay application before the Appellate Division, Second Department (Docket No. 2025-00308), filed December 16, 2025, which has been fully briefed since May 28, 2026, and remains pending and undecided. (Id. at 1-2.)

46. None of Appellant's prior stay applications were decided after *Article 13 LLC* was decided on November 25, 2025. (NYSCEF Doc. No. 428 at 1-2.) The intervening change in controlling law materially alters the analysis.

47. **Conclusion.** The pendency of these state court proceedings further supports Appellant's likelihood of success because the state court has not yet ruled on the FAPA defense as clarified by *Article 13 LLC*.

**IRREPARABLE HARM**

48. Appellant is a disabled woman who has resided at 56 Center Street, Highland Falls, New York, for approximately 26 years. (NYSCEF Doc. No. 428 at 2.) She lives with her grandson and a caregiver. (Id.)

49. Unless a stay is entered, U.S. Bank may proceed with a foreclosure auction and sale. A foreclosure sale would cause Appellant to lose her residence before this Court decides whether the Bankruptcy Court properly dismissed the case.

50. Once a foreclosure sale is completed, Appellant's right of redemption is extinguished and cannot be revived, even by court order. *Kolkunova v. Guaranteed Home Mortg. Co.*, 43 A.D.3d 878, 878 (2d Dep't 2007). The appeal would therefore be deprived of meaningful effect.

51. Loss of one's home constitutes irreparable injury. *In re Slater*, 200 B.R. 491, 495 (E.D.N.Y. 1996).

**V. HARM TO OTHER PARTIES**

52. A limited stay will preserve the existing conditions while the Court resolves the appeal. U.S. Bank has not received a mortgage payment since 2009 (ECF Doc. # 119 at 7), and a temporary delay of several additional months during the pendency of this appeal will not substantially increase U.S. Bank's harm. The Bankruptcy Court found that further delay would substantially harm U.S. Bank by preventing it from enforcing its rights. (ECF

Doc. # 119 at 7 (citing *G.L.A.D. Enters., LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 23-CV-3985, 2023 WL 5127835, at *2 (S.D.N.Y. Aug. 10, 2023) ("Courts in this circuit routinely hold that issuing a stay and delaying a foreclosure may constitute substantial financial harm to creditors.").) Appellant acknowledges this authority but respectfully submits that the intervening change in law distinguishes this case from routine foreclosure stay requests.

53. Appellant proposes to maintain insurance on the property and pay property taxes during the pendency of the stay.

54. Appellant acknowledges that U.S. Bank has spent many years attempting to enforce its mortgage rights (ECF Doc. # 119 at 7), but the intervening change in New York law—*Article 13 LLC*, decided after the Bankruptcy Court's ruling—justifies a temporary stay to permit this Court to evaluate the merits of the appeal.

**PUBLIC INTEREST**

55. The public interest favors protecting homeowners where an intervening change in law may render a creditor's claim unenforceable. The New York Court of Appeals in *Article 13 LLC* recognized the legislature's determination that FAPA was necessary to curb "abus[ive]" litigation practices by mortgage lenders and noteholders. *Article 13 LLC*, 45 N.Y.3d at 441.

56. A temporary stay would preserve this Court's ability to grant effective appellate relief.

56A. Alternatively, even if this Court does not find that Appellant has made the "strong showing" required for a stay under *Nken*, 556 U.S. at 434, Appellant submits that the novel and unsettled legal questions presented by this appeal—including the interaction between FAPA, the Rooker-Feldman doctrine, and the bankruptcy claim objection process—constitute "serious questions going to the merits of the dispute" warranting a stay where the balance of hardships tips decidedly in Appellant's favor. *Owens v. Taliban*, No. 22-CV-1949, 2023 WL 2214887, at *5 (S.D.N.Y. Mar. 6, 2023) ("Likely success on the merits can be established if there are 'serious questions going to the merits of the dispute and the applicant is able to establish that the balance of hardships tips decidedly in its favor.'"). The loss of Appellant's home of 26 years—an irreparable injury—combined with the novelty of the FAPA/*Article 13 LLC* issue, satisfies this alternative standard.

**OPPOSING-COUNSEL ARGUMENTS AND ADVERSE AUTHORITY**

57. Appellant acknowledges and addresses the following adverse authority:

a. **Castaldo v. Bank of New York**, 313 F. App'x 351 (2d Cir. 2008). The Second Circuit held that a debtor's challenge to a proof of claim was barred by the Rooker-Feldman doctrine where the debtor "challenges a Judgment of Foreclosure and Sale obtained by

the creditor-appellee from New York State Court for Orange County." *Id.* at 352. This is directly adverse because it involves the same county (Orange County) and the same type of challenge (proof of claim based on a foreclosure judgment). However, *Castaldo* is distinguishable for two reasons:

(i) **Intervening change in law.** *Castaldo* was decided in 2008—fourteen years before FAPA was enacted (December 2022) and seventeen years before *Article 13 LLC* clarified FAPA's retroactive application (November 25, 2025). The FAPA defense that Appellant raises did not exist when *Castaldo* was decided. The debtor in *Castaldo* had no statute-of-limitations defense based on an intervening change in law; Appellant does.

(ii) **Nature of the challenge.** In *Castaldo*, the debtor was directly attacking the validity of the foreclosure judgment. Here, Appellant's claim objection under § 502(b)(1) seeks a determination that the claim is unenforceable under a statute that the state court never had the opportunity to consider. The distinction between attacking a judgment and seeking to disallow a claim based on a post-judgment change in law is constitutionally significant. See *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018) ("[A] claim about conduct occurring after a state court decision cannot be either the same claim or one 'inextricably intertwined' with that state court decision, and thus cannot be barred under Rooker-Feldman.").

b. **Smith v. Bank of New York Mellon** (Bankr. S.D.N.Y. May 24, 2023). The bankruptcy court held that "any attack on a judgment of foreclosure and sale is clearly barred by the Rooker-Feldman doctrine." This is adverse but distinguishable for the same reasons as *Castaldo*: the case was decided before *Article 13 LLC* and does not address an intervening change in law.

c. **Swiatkowski v. Citibank**, 446 F. App'x 360, 361 (2d Cir. 2011). The Second Circuit held that a challenge to a proof of claim "depended entirely on the validity of the underlying state court foreclosure judgment such that a decision in [the debtor's] favor would effectively amount to 'declar[ing] the state court judgment fraudulently procured and thus void.'" This is adverse but distinguishable for the same reasons: no intervening change in law was at issue.

58. Appellant distinguishes all three adverse authorities for the following common reasons:

a. **Intervening change in law.** *Article 13 LLC* was decided November 25, 2025—thirteen days after the Bankruptcy Court's November 12, 2025 ruling on the claim objection. The FAPA defense, as definitively clarified by the New York Court of Appeals, did not exist in its current form when the state court proceedings concluded. The state court never had the opportunity to consider FAPA as clarified by *Article 13 LLC*.

b. **Independent claim under § 502(b)(1).** Appellant's claim objection seeks disallowance under 11 U.S.C. § 502(b)(1) based on the unenforceability of the claim under New York

law—specifically, the statute of limitations as amended by FAPA. This is a core bankruptcy function, not an impermissible collateral attack on the state court judgment. See *Generation Capital I, LLC v. Fliss*, No. 22-1424 (7th Cir. Dec. 3, 2023) (Rooker-Feldman posed no obstacle to claim objection); *In re Razzi*, 533 B.R. 469, 476-77 (Bankr. E.D. Pa. 2015) (claim objections based on pre-judgment defenses such as "transactional fraud" are governed by res judicata, not Rooker-Feldman, and are cognizable under § 502(b)(1)).

c. **Temporal bar.** The FAPA defense arises from a statute whose retroactive application was not definitively settled until after the state court proceedings concluded. A claim based on a legal development occurring after the state court decision cannot be barred by Rooker-Feldman. See *Target Media Partners*, 881 F.3d at 1286.

**REQUEST FOR RELIEF**

Appellant respectfully requests that the Court:

1. Stay the effect and enforcement of the February 17, 2026 dismissal order (ECF Doc. # 105) pending resolution of this appeal;
2. Preserve the status quo concerning the property at 56 Center Street, Highland Falls, New York 10928;
3. Temporarily prevent U.S. Bank National Association and its servicer Select Portfolio Servicing, Inc., from conducting or completing a foreclosure sale while this motion and appeal are pending;
4. Expedite consideration of this motion because the Judgment of Foreclosure and Sale has been entered and the foreclosure sale may be scheduled at any time; and
5. Grant such other relief as the Court considers just and appropriate.

Dated: November 6, 2026 Highland Falls, New York

Respectfully submitted,

/s/ Nicole Laura Alexis Lawtone-Bowles
NICOLE LAURA ALEXIS LAWTONE-BOWLES
Appellant Pro Se
56 Center Street
Highland Falls, New York 10928
Telephone: (347) 538-5386
Email: NicoleLawtone@aol.com

---

## DECLARATION OF NICOLE LAURA ALEXIS LAWTONE-BOWLES

I, Nicole Laura Alexis Lawtone-Bowles, declare under penalty of perjury that:

1. I am the Appellant and former Chapter 13 debtor in the above-captioned case.
2. I submit this declaration in support of my Renewed Emergency Motion for Stay Pending Bankruptcy Appeal.
3. I am a disabled woman and have resided at 56 Center Street, Highland Falls, New York 10928, for approximately 26 years. I live with my grandson and a caregiver.
4. I was re-hired by the City of New York as a clerical associate in November 2025 with an annual salary of $58,020.
5. I filed for Chapter 13 bankruptcy on June 17, 2025, to save my home from what I contend is assignment-of-mortgage fraud.
6. A prior foreclosure action was commenced by LaSalle Bank, which I state was dismissed when LaSalle Bank attempted to take my home. I further state that a fraudulent assignment of mortgage was later created in the name of U.S. Bank in an effort to seize my property after the dismissal.
7. U.S. Bank obtained a Judgment of Foreclosure and Sale dated January 6, 2025, in the Supreme Court of the State of New York, County of Orange (Index No. EF003745-2018). The foreclosure sale has not yet been conducted.
8. I have a pending motion in state court under Motion Sequence No. 12 based on FAPA and *Article 13 LLC v. Ponce De Leon Fed. Bank*, 45 N.Y.3d 441 (2025), and a pending stay application before the Appellate Division, Second Department (Docket No. 2025-00308).
9. Without a stay, I face the loss of my home before this Court determines my appeal. Once the foreclosure sale is completed, my right of redemption will be extinguished and cannot be revived.
10. I can maintain insurance on the property and pay property taxes during the pendency of the stay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 6, 2026, at Highland Falls, New York.

/s/ Nicole Laura Alexis Lawtone-Bowles
NICOLE LAURA ALEXIS LAWTONE-BOWLES

---

## CERTIFICATE OF SERVICE

I certify that on November 6, 2026, I served the Renewed Emergency Motion for Stay Pending Bankruptcy Appeal, supporting declaration, and all attachments upon the following persons by CM/ECF and first-class mail:

Thomas C. Frost, Esq.
Standing Chapter 13 Trustee
399 Knollwood Road, Suite 102
White Plains, New York 10603
Served via CM/ECF

Counsel for U.S. Bank Trust Company, National Association
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Plains, New York 10606
Attn: Riyaz G. Bhimani, Esq.
Served via first-class mail

Dated: November 6, 2026

/s/ Nicole Laura Alexis Lawtone-Bowles
NICOLE LAURA ALEXIS LAWTONE-BOWLES

Appellees are directed to respond to this Motion to Stay by no later than Thursday, November 19, 2026.

The Court issues a temporary stay of the enforcement of the Bankruptcy Court's February 17, 2026 Memorandum Decision and Order and any foreclosure sale of the property located at 56 Center Street, Highland Falls, New York 10928, to be in effect until Monday, November 23, 2026.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.

So ordered.



November 16, 2026