UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

NICOLE LAURA ALEXIS LAWTONE-BOWLES

*Debtor-Appellant.*

No. 26-CV-2699 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Petitioner Nicole Laura Alexis Lawtone-Bowles ("Petitioner"), proceeding pro se, has moved for an emergency stay pending appeal of the U.S. Bankruptcy Court's judgment in Bankruptcy Case 25-B35655 on February 19, 2026. (*See* Emergency Mot. for Stay Pending Appeal ("Pet.'s Mot.") (Dkt. No. 11).) For the reasons discussed below, Petitioner's Motion is denied.

## I. Background

Petitioner filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 17, 2025. (*See* Ch. 13 Petition, *In re Lawtone-Bowles*, No. 25-35655 (Bankr. S.D.N.Y. June 17, 2025), Dkt. No. 1.) Seventeen creditors filed proofs of claim in the case in a total amount of $612,167.16. (*See* Mem. Decision and Order Dismissing Chapter 13 Bankruptcy Case ("Dismissal Decision") at 2, *In re Lawtone-Bowles*, No. 25-35655 (Bankr. S.D.N.Y. Feb. 17, 2026), Dkt. No. 105.) U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S. Bank National Association, as trustee, in trust for the holders of MLMI Trust 2002-AFC1 Asset-Backed Certificates, Series 2002-AFC1 ("U.S. Bank"), filed a proof of claim in the aggregate amount of $206,615.9, which was secured by a mortgage on Petitioner's real property located at 56 Center St., Highland Falls, NY ("Petitioner's Home"). (*Id.* at 2–3.) Petitioner challenged the validity of the U.S. Bank Claim, but this challenge was

rejected by the Bankruptcy Court. (*See* Mem. Decision and Order Overruling Debtor's Objection to U.S. Bank's Proof of Claim ("Proof of Claim Decision"), *In re Lawtone-Bowles*, No. 25-35655 (Bankr. S.D.N.Y. Nov. 12, 2025), Dkt. No. 59.) On February 17, 2026, the Bankruptcy Court dismissed Petitioner's Chapter 13 case on the basis that the proposed Bankruptcy Plan was unconfirmable, and any amendment would be futile because the total payments due to secured creditors—$216,479.74—was so high compared to Petitioner's annual income of $58,020. (Dismissal Decision 8–9.)

On February 19, 2026, Petitioner filed a Notice of Appeal from the U.S. Bankruptcy Court's judgment in Bankruptcy Case 25-B35655. (*See* Notice of Appeal (Dkt. No. 1).) On March 13, 2026, Petitioner filed a Motion for Stay Pending Appeal in the bankruptcy court. (*See* Mot. for Stay Pending Appeal, *In re Lawtone-Bowles*, No. 25-35655 (Bankr. S.D.N.Y. Nov. 12, 2025), Dkt. No. 109.)

On April 1, 2026, the Action was assigned to this Court. (*See* Notice of Appeal.) On April 2, 2026, this Court dismissed this Action for failure to file the Designation of Items to be Included in the Record as required by Federal Rule of Bankruptcy Procedure 8009. (*See* Order (Dkt. No. 3).) On April 3, 2026, Petitioner filed a Motion to reopen the case and requested leave to file the Designation of Record and Statement of Issues pursuant to Federal Rule of Bankruptcy Procedure 8009. (*See* Mot. to Reopen (Dkt. No. 4).) The Court granted this Motion and ordered Petitioner to file her Designation of Record and Statement of Issues by no later than May 6, 2026. (*See* Order (Dkt. No. 6).) On April 17, 2026, Petitioner filed a Statement of Issues and Emergency Motion for Stay Pending Appeal. (*See* Mot. for Stay (Dkt. No. 8).)

On May 20, 2026, the Bankruptcy Court denied Petitioner's Motion for Stay Pending Appeal. (*See* Mem. Decision and Order Denying Debtor's Motion for Stay Pending Appeal ("Motion for Stay Decision"), *In re Lawtone-Bowles*, No. 25-35655 (Bankr. S.D.N.Y. May 20, 2026, Dkt. No. 119.)

On November 5, 2026, the Court denied Petitioner's Motion without prejudice for failure to specify why she is likely to succeed on the merits and to designate the items to be included on the record on appeal. (*See* Order (Dkt. No. 10).) On November 5, 2026, Plaintiff filed a renewed Emergency Motion for Stay Pending Appeal, (*see* Pet.'s Mot.), and a Designation of Record and Statement of Issues, (*see* Not. of Compliance with Nov. 5, 2026 Order (Dkt. No. 12)). She seeks an order staying the effect and enforcement of the Bankruptcy Court's Dismissal Decision while her appeal to this Court remains pending. (Pet.'s Mot. 1.) On November 16, 2026, the Court ordered Appellees to respond to Petitioner's Motion to Stay by no later than November 19, 2026 and issued a temporary stay until November 23, 2026. (*See* Order (Dkt. No. 13).) On November 19, 2026, Appellee Thomas C. Frost as Chapter 13 Trustee (the "Trustee") responded. (*See* Resp. in Opp'n to Pet.'s Mot. ("Trustee's Opp'n") (Dkt. No 14).)

## II. Discussion

### A. Standard of Review

Rule 8005 governs the procedure for seeking a stay pending an appeal to the district court of a bankruptcy judge's order. Fed. R. Bankr. P. 8005. While Rule 8005 does not articulate a standard for granting a stay pending appeal, "[c]ourts within the Second Circuit have followed the same standard used for stays of district court orders pending appeal to the circuit court under Federal Rule of Appellate Procedure 8(a)(1)(A)." *In re BGI, Inc.*, 504 B.R. 754, 762 (S.D.N.Y.

2014). "The decision as to whether to issue a stay of an order pending appeal lies within the sound discretion of the district court." *Id.*; *see also In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 346 (S.D.N.Y. 2007). The Court considers four factors in making this decision: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *In re BGI*, 504 B.R. at 762. "[T]he Second Circuit has consistently treated the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed." *In re Adelphia*, 361 B.R. at 347. "[T]he lack of any one factor is not dispositive to the success of the motion, rather the inquiry represents a balancing of the four factors." *Rally Auto Group, Inc. v. General Motors LLC (In re Motors Liquidation Co.),* No. M–47, 2010 WL 4449425, at *3 (S.D.N.Y. Oct. 29, 2010).

B. Analysis

1. Whether the Movant Will Suffer Irreparable Injury Absent a Stay

Petitioner asserts that, absent a stay, she will face irreparable injury because U.S. Bank may proceed with a foreclosure auction and sale, causing her to lose her residence. (Pet.'s Mot. 9). Trustee, by incorporating by reference the Bankruptcy Court's Stay Decision, (*see* Trustee Opp'n 1), does not appear to dispute that the "[l]oss of one's home constitutes irreparable injury." (Motion for Stay Decision 8 (citing *In re Slater*, 200 B.R. 491, 495 (E.D.N.Y. 1996)).) The Court agrees that Petitioner easily satisfies the irreparable injury standard. *See In re Est. of Simpson-Manigault*, No. 25-355, 2026 WL 2364598, at *7 (Bankr. S.D.N.Y. Aug. 13, 2026) (explaining that "[l]oss of one's home constitutes irreparable injury").

Nonetheless, "a stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* (alteration adopted). Accordingly, the Court must look to the remaining factors to determine if a stay should be issued.

2. Whether the Movant Has Demonstrated a Substantial Possibility of Success on Appeal

"The requisite showing of substantial possibility of success is inversely proportional to the amount of irreparable injury plaintiff suffer absent the stay." *In Re BGI*, 504 B.R. at 764 (alterations adopted and internal quotations and citations omitted). "The movant need not always show a 'probability of success' on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Id.*

Petitioner asserts that she is likely to succeed on the merits of her appeal because the Bankruptcy Court's Proof of Claim Decision and Dismissal Decision were in error. The crux of her argument rests on the applicability of the Foreclosure Abuse Prevention Act ("FAPA"), N.Y. C.P.L.R. § 213(4)(b), to U.S. Bank's claim. (*See* Pet.'s Mot. 3–4.) Petitioner argues that the Proof of Claim Decision was rendered invalid by the New York Court of Appeal's determination in *Article 13 LLC v. Ponce De Leon Fed. Bank* that FAPA applies to "all foreclosure actions as to which a final foreclosure sale had not been enforced prior to [FAPA's] effective date." 260 N.Y.S.3d 253, 259–260 (2025). (Pet.'s Mot. 3.) Petitioner asserts that U.S. Bank's claim may be time barred under FAPA. (Pet.'s Mot. 4–7.)

Petitioner's challenge to the Dismissal Decision also rests on the applicability of FAPA to U.S. Bank's claim. She asserts that amendment to the Chapter 13 Plan might not be futile if U.S. Bank's claim is disallowed as unenforceable under FAPA, because that would reduce the total

priority and secured claims in the Plan to $96,753.97, which might be confirmable with Petitioner's annual salary of $58,020. (Pet.'s Mot. 8.) Petitioner did not raise this argument, nor did the Bankruptcy Court address it, in ruling on her Motion to Stay before that court. (*See generally* Motion for Stay Decision.) The Trustee does not address it in his opposition. (*See generally* Trustee's Opp'n.)

FAPA imposes a six-year statute of limitations on mortgage foreclosures. N.Y. C.P.L.R. 213. Section 7 provides that:

> "[I]f the statute of limitations is raised as a defense [to the foreclosure], and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, [the party seeking foreclosure] shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated.

N.Y. C.P.L.R. 213(4)(a). In other words, the six-year statute of limitations begins to run when the loan is accelerated—meaning the lender "sue[s] to recover the entire principal and interest due," *Article 13 LLC*, 260 N.Y.S.3d at 257, unless the prior acceleration or foreclosure action was dismissed on the express basis that the loan was not validly accelerated.

As relevant here, a prior foreclosure action was commenced by LaSalle Bank on Petitioner's Home on January 13, 2010. (*See* Decision and Order regarding Lasalle Foreclosure Action ("LaSalle Foreclosure Decision") 2, *In re Lawtone-Bowles*, No. 25-35655 (Bankr. S.D.N.Y. June 17, 2025), Dkt. No. 31.) U.S. Bank commenced the foreclosure proceedings relevant to this Action in May 2019. (*See* Motion for Stay Decision 6.) Thus, if the statute of

limitations commenced with LaSalle Bank's foreclosure decision, U.S. Bank's proceeding may be barred by FAPA.

However, Petitioner's argument to this effect is unlikely to succeed on the merits because LaSalle's foreclosure action was dismissed for lack of standing, which is an "express judicial determination that the instrument was not validly accelerated" under FAPA. *See 7208 Ct Holdings LLC v. U.S. Bank Nat'l Ass'n as Tr. for Terwin Mortg. Tr. 2005-18Alt Asset-Backed Certificates, Series 2005-18Alt*, 89 Misc. 3d 1222(A), at *4 (N.Y. Sup. Ct. 2026) (explaining that "the Appellate Division has also consistently held, even after the enactment of FAPA, that if a foreclosure action is dismissed or discontinued by an express judicial determination because the plaintiff lacked standing to commence the action, specifically due to a lack of authority to accelerate the debt, the statute of limitations is deemed to have never begun to run."); *see also Cohen v. Deutsche Bank Nat'l Tr. Co.*, 217 N.Y.S.3d 106, 108 (N.Y. App. Div. 2024) (holding that the debt was never accelerated since Supreme Court dismissed the original action after trial for lack of standing); *U.S. Bank Nat'l Ass'n v. Marrero*, 199 N.Y.S.3d 553, 556 (N.Y. App. Div. 2023) (statute of limitations did not begin to run at commencement of prior action that "was dismissed based on an expressed judicial determination that plaintiff lacked standing" because "[u]nder such circumstances, any purported acceleration was a nullity"). Specifically, the Supreme Court decision dismissing LaSalle's action to foreclose the mortgage on Petitioner's Home explained that it dismissed LaSalle's action "given the obvious standing issue," because LaSalle submitted "no evidence that LaSalle ever owned the note or mortgage." (LaSalle Foreclosure Decision 5–6.) Petitioner's motion claims that "the record does not establish that LaSalle Bank's action was dismissed for lack of standing," and cites the LaSalle Foreclosure

Decision, but a plain reading of that document puts the lie to her claim. (*Contra* Pet.'s Mot. 8.) Accordingly, any argument on appeal that FAPA bars U.S. Bank's claim in the Chapter 13 proceeding is unlikely to succeed as it is unsupported by the record.

Because both of Petitioner's bases for appeal rest entirely on the applicability of FAPA to U.S. Bank's foreclosure proceedings, and Plaintiff is not likely to succeed in establishing that it applies, this factor weighs against granting a stay.

3. Whether a Party Will Suffer Substantial Injury If a Stay Is Issued

Next, the Court turns to whether any party will suffer a substantial injury of the stay is issued. Petitioner argues that the *Article 13 LLC* decision justifies a temporary stay, (*see* Pet.'s Mot. 10), but as determined above, this argument is without merit. Petitioner also asserts that U.S. Bank will not be substantially injured because it has not received a mortgage payment since 2009 and "a temporary delay of several additional months during the pendency of this appeal will not substantially increase" its harm. (Pet.'s Mot. 9.) The Bankruptcy Court, in denying Petitioner's request for a stay, found that "further delay would substantially harm U.S. Bank by preventing it from enforcing the rights it has fought hard to obtain," particularly given that U.S. Bank has not received payment since 2009 and has been litigating with Petitioner since 2018. (Motion for Stay Decision 7.) Courts in the Second Circuit have held that "issuing a stay and delaying a foreclosure may constitute substantial financial harm to creditors." *G.L.A.D. Enters., LLC v. Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2006-1*, No. 23-CV-3985, 2023 WL 5127835, at *2 (S.D.N.Y. Aug. 10, 2023); *see also Stewart v. Fed. Nat'l Mortg. Ass'n*, No. 24-CV-0073, 2024 WL 5077510, at *4 (N.D.N.Y. Dec. 11, 2024) (noting that "[c]ourts have

found that further delay to a foreclosure action . . . can constitute substantial harm") (quotations omitted). Accordingly, this factor weighs against granting a stay.

4. Public Interest

Finally, the Court considers how public interests may be impacted by the Court's issuance of a stay. For this factor, too, Petitioner's argument rests on the purported intervening change of law which the Court has determined does not apply to U.S. Bank's foreclosure proceeding here. (Pet.'s Mot. 10.) It is true that *Article 13* "recognized the legislature's determination that FAPA was necessary to curb abusive litigation practices by mortgage lenders and noteholders." (*See* Pet.'s Mot. 10 (citing *Article 13 LLC*, 260 N.Y.S.3d at 263).) But, as explained in Section II.B.2, the record in the Bankruptcy Court below demonstrates that FAPA's provisions preventing abusive litigation practices are not applicable here because LaSalle's foreclosure proceedings were dismissed for lack of standing.

The Bankruptcy Court found that the public interest weighs against the issuance of a stay because it "favors the expedient administration of the bankruptcy proceedings," and the Bankruptcy Court had ruled that Petitioner "lacks any prospect for proposing a confirmable plan." (Motion for Stay Decision 8.) "[C]ourts recognize that the public interest disfavors stays because the public interest favors the expedient administration of the bankruptcy proceedings." *G.L.A.D. Enters., LLC*, 2023 WL 5127835, at *4 (citing *In re LATAM Airlines Grp. S.A.*, No. 20-11254, 2022 WL 2657345, at *11 (Bankr. S.D.N.Y. July 8, 2022).) Because Petitioner raises no valid argument that the public interest supports a stay, this factor also weighs against a stay.

Considering the four factors here, all but the first weigh against granting a stay pending appeal. Accordingly, the Court declines to issue a stay pending appeal.

III. Conclusion

For these reasons, Petitioner's Motion for a Stay Pending Appeal is denied. The Clerk of Court is respectfully directed to close the pending Motion at Dkt. No. 11.

SO ORDERED.

Dated: November 23, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge